**In the Matter of Christopher E. HAIGH, Respondent.**

**No. 98S00–0608–DI–317.**

Supreme Court of Indiana.

June 30, 2008.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear

evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Based in large part on "Stipulations of Fact" submitted by the parties, the hearing officer appointed in this case, Leslie C. Shively, made the following findings of fact.

While Respondent was a volunteer coach of a crew team at a school in Indianapolis, he became sexually intimate with two female crew team members while they were still minors—"AB" and her close friend, "CD."

In June 2004, while attending a crew camp in West Virginia, Respondent gave AB, then 16, and CD, then 17, wine to drink, and he engaged in sexual conduct with AB. Later, Respondent took AB and other team members to Michigan, where he had intercourse with AB. In early August 2004, AB visited Respondent in Chicago, where he had moved, and they engaged in sexual conduct. In August 2004, Respondent began a sexual relationship with CD, which continued in secret through the next summer, at which point CD moved in with Respondent in Chicago. Respondent continued to furnish liquor to her although she was not yet 21 years old.

During the relevant time period, Respondent repeatedly assured CD's parents, AB's mother, the school, and others that he had no inappropriate relationship with AB or CD. Respondent denies that he has done anything improper or unethical.

**Violations:** Respondent is charged with violating these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Commission of criminal acts that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

The Commission charged that Respondent's sexual conduct with and furnishing liquor to AB and CD violated federal criminal law and the criminal laws of West Virginia, Michigan, and Illinois. The hearing officer concluded Respondent violated the laws of West Virginia and Illinois prohibiting furnishing liquor to a minor and the law of West Virginia prohibiting sexual conduct with a child under 18 by a "custodian." *See* W.Va.Code § 61–8D–5(a). The hearing officer concluded there was insufficient evidence of all the elements of the other offenses, although the hearing officer's findings arguably would support a conclusion that Respondent committed these offenses.

Regardless of whether Respondent committed all of the alleged criminal violations, we conclude he committed, at the very least, the violations found by the hearing officer and that these violations reflect adversely on his honesty, trustworthiness, and fitness as a lawyer. We agree with the hearing officer that there is clear and convincing evidence that Respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation. We therefore conclude that Respondent violated the Professional Conduct Rules as charged.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least two years beginning August 15, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension,

and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may, upon fulfillment of the duties of a suspended attorney and full payment of the costs of this proceeding, seek reinstatement, which may in this Court's discretion be granted if Respondent demonstrates by clear and convincing evidence that he satisfies each of the requirements of Admission and Discipline Rule 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.